UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

SALVADOR SERGIO CERVANTES      CIVIL ACTION NO. 6:12-cv-0875

VERSUS                         JUDGE HAIK

EPOC CARBON DIOXIDE PRODUCTS,  MAGISTRATE JUDGE HANNA
INC., TRAVELERS PROPERTY
CASUALTY COMPANY OF AMERICA
AND RICHARD BRADLEY BRITT

### *SUA SPONTE* JURISDICTIONAL BRIEFING ORDER

The plaintiff's complaint alleges that this Court has jurisdiction over this matter, under 28 U.S.C. § 1332, because the parties are diverse in citizenship and the matter in controversy exceeds $75,000.00.  The undersigned has reviewed the pleadings to determine whether the requirements for diversity jurisdiction have been satisfied.  The undersigned finds that they have not.

The party invoking subject matter jurisdiction in federal court has the burden of establishing the court's jurisdiction.[1]  In this case, the plaintiff must bear that burden. The undersigned finds, however, that the plaintiff has not established that the amount in controversy exceeds the jurisdictional threshold or that the parties are diverse in citizenship.

---

[1]      *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253-54 (5th Cir. 1998).

In a case like this one, in which the plaintiff does not seek recovery of a determinate amount in his complaint, the party invoking the Court's jurisdiction has the burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.[2]  To satisfy that burden, the party must either (1) demonstrate that it is facially apparent that the claims are likely above $75,000 or (2) set forth the specific facts in controversy that support a finding of the jurisdictional amount.[3]  In this case, the plaintiff did not seek a determinate amount of damages in his complaint.  The undersigned also concludes that the jurisdictional amount is not otherwise "facially apparent" from the complaint because the facts alleged are insufficient for the undersigned to determine whether the amount in controversy exceeds the jurisdictional requirement.

When jurisdiction is based on diversity, the citizenship of the parties must be distinctly and affirmatively alleged.[4]  The plaintiff's complaint alleges that the plaintiff is a resident of the state of Louisiana and that defendant Richard Bradley Britt is a resident of the state of Mississippi.  This is insufficient to establish the citizenship of these persons.  The citizenship of a natural person is determined by the

---

[2]      *St. Paul Reinsurance*, 134 F.3d at 1253.

[3]      *St. Paul Reinsurance*, 134 F.3d at 1253.

[4]      *Mullins v. Testamerica Inc.*, 300 Fed. App'x 259, 259 (5th Cir. 2008).

state in which he or she is domiciled, and domicile is a combination of both a person's residence and his intent to remain there permanently.[5]  Therefore, "an allegation that a party is a resident of a certain state is not a sufficient allegation of his citizenship in that state."[6]  Evidence of a person's place of residence, however, is *prima facie* proof of his domicile.[7]  For that reason, the undersigned will accept that the plaintiff is a Louisiana citizen and Mr. Britt is a Mississippi citizen if there is no objection from the defendants.

The other two defendants are EPOC Carbon Dioxide Products, Inc. and Travelers Property Casualty Company of America.  The first is a corporation and the second is likely also a corporation.  Under 28 U.S.C. § 1332(c)(1), a corporation is deemed to be a citizen of any state in which it is incorporated and any state where it has its principal place of business.  Therefore, a party invoking diversity jurisdiction must allege both the state of incorporation and the principal place of business of each corporate party.[8]  In this case, however, no such allegations have been made with

---

[5]     *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011).

[6]     *Delome v. Union Barge Line Co.*, 444 F.2d 225, 233 (5th Cir. 1971).

[7]     *Hollinger*, 654 F.3d at 571.

[8]     *Illinois Central Gulf Railroad Co. v. Pargas, Inc.*, 706 F.2d 633, 637 (5th Cir. 1983).

regard to EPOC or Travelers.  For that reason, the undersigned cannot determine whether the parties are diverse in citizenship.

Accordingly,

IT IS ORDERED that, not later than twenty-one days after the date of this order, the plaintiff shall file a memorandum setting forth specific facts that support a finding that the parties are diverse in citizenship and that the amount in controversy exceeds the jurisdictional minimum.  These facts should be supported with summary-judgment-type evidence.  The defendants will be allowed seven days to respond to the plaintiff's submission.

Signed at Lafayette, Louisiana, this 13th day of June 2012.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

-4-